UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ROBERT DEMOS,

        Petitioner,             Case Number 13-10343

v.                                        Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE

The petitioner, John Robert Demos, presently confined at Clallam Bay Correctional Center in Clallam Bay, Washington, has filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The petitioner was convicted of burglary and attempted rape in a United States military court convened at the McChord Air Force Base in Tacoma, Washington. He is serving a life sentence for the crimes. He alleges that (1) the President of the United States lacked jurisdiction to convene a prosecution in a military court, (2) he was tried *in absentia*, (3) there was conflicting jurisdiction between the state and federal courts, and (4) there was insufficient evidence to sustain his convictions.

      The Sixth Circuit explained in *Witham v. United States*, 355 F.3d 501 (6th Cir. 2004), that

> [g]eneral courts-martial are ad hoc proceedings which dissolve after the purpose for which they were convened has been resolved. As a result, there is not a sentencing court in which a military prisoner may bring a § 2255 motion. *Gilliam v. Bur. of Prisons*, No. 99-1222, 2000 WL 268491, at *1 (8th Cir. March 3, 2000) (unpub.). Moreover, neither the Uniform Code of Military Justice nor the Manual for Courts-Martial provides for collateral review within the military courts. *See United States v. Murphy*, 50 M.J. 4, 5 (C.A.A.F. 1998).

*Id.* at 505.

Pursuant to *Witham,* the petitioner cannot seek relief under section 2255. And even though the "savings clause" of section 2255 permits a military prisoner to seek a writ of habeas corpus under section 2241, *id*., the proper respondent in a section 2241 habeas petition is the person who has custody of the petitioner. 28 U.S.C. § 2255(e) (stating that an application shall not be entertained if the applicant has not applied for relief to the court which sentenced him "unless it also appears that the remedy by motion is inadequate or insufficient to test the legality of his detention"); *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citing 28 U.S.C. §§ 2242 and 2243). In other words, the warden of the facility where the prisoner is being held is the proper respondent. *Id*. at 435.

The petitioner's custodian is the warden at Clallam Bay Correctional Center in Clallam Bay, Washington. This Court has no personal jurisdiction over the petitioner's warden. Consequently, the petitioner would not be entitled to relief from this Court even if his motion were construed as a habeas corpus petition under 28 U.S.C. § 2241.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate, set aside, or correct sentence [dkt. #1] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 15, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 15, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL